**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

DANIEL PINEDA ZELAYA,

Plaintiff,

v.

DR. MICHAEL MANK, *et al.*,

Defendants.

Case No. 5:22-cv-01917-MCS (AFM)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

On October 28, 2022, plaintiff, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff is a federal prisoner who is presently incarcerated at the USP in Pollock, LA. The incident giving rise to this action occurred on September 9, 2021, while plaintiff was incarcerated in California at USP Victorville. (*Id.* at 2-3.) Because plaintiff is a federal prisoner, any civil rights claims that he may wish to raise against a federal employee must be brought pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), and not pursuant to 42 U.S.C. § 1983. *See, e.g., Ziglar v. Abbasi*, 582 U.S. 120, 137 S. Ct. 1843, 1854-55 (2017) (noting that 42 U.S.C. § 1983 "entitles an injured person to money damages if a *state* official violates his or her constitutional right" while *Bivens* provides an implied cause of action for money damages against individual *federal*

officials for some constitutional violations (emphasis added)). Plaintiff also filed a Request to Proceed Without Prepayment of Filing Fees, which subsequently was granted. (ECF Nos. 2, 13.) Plaintiff names as defendants: Dr. Mank, identified as a doctor at USP Victorville; Dr. Nguyen; Officer Torres, identified as an "emergency room doctor"; Robert Gomez; Captain Stickles; Warden Gutierrez; and several "doe" defendants. (ECF No. 1 at 1-2.) Plaintiff purports to raise only one claim in this action, under the Eighth Amendment's Cruel and Unusual Punishment Clause, for constitutionally inadequate medical care. (*Id.* at 3.) Plaintiff appears to be seeking injunctive relief in the form of a surgical procedure as well as monetary damages. (*Id.* at 5.)

In accordance with the mandate of the Prison Litigation Reform Act of 1995 ("PLRA"), the Court has screened the Complaint prior to ordering service to determine whether the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A, 1915(e)(2); 42 U.S.C. § 1997e(c)(1).

The Court's screening of the pleading is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts alleged under a cognizable legal theory. *See, e.g., Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under the PLRA, the court applies the same standard as applied in a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)). In determining whether the pleading states a claim on which relief may be granted, its allegations of fact must be taken as true and construed in the light most favorable to plaintiff. *See, e.g., Soltysik v. Padilla*, 910 F.3d 438, 444 (9th Cir. 2018). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, a court first

"discount[s] conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013); *see also Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation or an unadorned, the-defendant-unlawfully-harmed-me accusation." *Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018) (internal quotation marks and citations omitted).

Because plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (because plaintiff was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original). Nevertheless, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

In addition, Fed. R. Civ. P. 8(a) ("Rule 8") states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's

> jurisdiction . . .; (2) *a short and plain statement of the claim* showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added.) Rule 8(d)(1) provides: "Each allegation must be simple, concise, and direct. No technical form is required." Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (a complaint must give defendants fair notice of the claims against them). If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the pleading fails to comply with Rule 8. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). A claim has "substantive plausibility" if a plaintiff alleges "simply, concisely, and directly [the] events" that entitle him to damages. *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). Failure to comply with Rule 8 constitutes an independent basis for dismissal of a pleading that applies even if the claims are not found to be "wholly without merit." *See McHenry*, 84 F.3d at 1179.

Following careful review of the Complaint, the Court finds that plaintiff's pleading does not comply with Rule 8 because it fails to include a short and plain statement of each claim that is sufficient to give each of the named defendants fair notice of what plaintiff's claims are and the grounds upon which each claim rests. Further, as currently pled, the factual allegations appear insufficient to state a federal civil rights claim on which relief may be granted against any defendant. Accordingly,

the Complaint is dismissed with leave to amend to correct the deficiencies as discussed in this Order. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

**If plaintiff desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than thirty (30) days after the date of this Order, remedying the deficiencies discussed herein.** Plaintiff is admonished that, if he fails to timely file a First Amended Complaint or fails to remedy the deficiencies of his pleading, the Court will recommend that this action be dismissed with prejudice and without further leave to amend.[1]

**A. RULE 8**

Plaintiff's pleading violates Rule 8 in that it fails to allege a minimum factual and legal basis for each claim that is sufficient to give any defendant fair notice of what federal claim(s) plaintiff is raising in this action and which factual allegations in the pleading give rise to each such claim.

Initially, plaintiff is admonished that, irrespective of his *pro se* status, he must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California ("L.R."). *See, e.g., Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) ("*pro se* litigants are not excused from following court rules"); L.R. 1-3; L.R. 83-2.2.3 ("Any person

---

[1] Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a First Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately may submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

appearing *pro se* is required to comply with these Local Rules" and with all Federal Rules.). Plaintiff's Complaint violates, *inter alia*, L.R. 11-3.3 requiring that each page of a pleading be numbered consecutively, and L.R. 83-2.2.1, which prohibits a person proceeding *pro se* from delegating his or her *pro se* representation to any other person. In the Complaint filed in this action, a non-party identified as "*pro se* litigator, Nikko Krohn," indicates that he has filed the action "on behalf" of plaintiff. (ECF No. 1 at 2.) A non-attorney, however, may *not* bring any claims on behalf of any other party. *See, e.g., See Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997); *United States v. Mitchell*, 915 F.2d 521, 526 n.8 (9th Cir. 1990) (a *pro se* litigant does not have standing to raise the claims of other persons whose rights may have been violated); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (a non-attorney may appear *pro se* on his own behalf, but "has no authority to appear as an attorney for others"). If plaintiff wishes to proceed with any claims in this action, then he must raise those claims on his own behalf.

In addition, plaintiff appears to be bringing only one claim in this action, and plaintiff appears to be alleging that *all* defendants deprived plaintiff of his right to constitutionally adequate medical care under the Eighth Amendment. (ECF No. 1 at 3.) Plaintiff's factual allegations concerning his medical treatment, however, appear to primarily be limited to actions taken or not taken by one defendant, Dr. Mank. (*Id.* at 3-5.) To state a federal civil rights claim against a specific defendant, plaintiff must allege that the specific defendant deprived him of a right guaranteed under the United States Constitution. *See West v. Atkins*, 487 U.S. 42, 48 (1988). In his Complaint, plaintiff fails to allege "simply, concisely, and directly [the] events" that entitle him to damages from each named defendant. *Johnson*, 574 U.S. at 12. Most of the factual allegations in the pleading appear to pertain to an incident on September 9, 2021, when plaintiff received medical treatment from Dr. Mank for about an hour after plaintiff fell from a top bunk in plaintiff's cell. (*Id.*) Otherwise, plaintiff merely states the entirely unsupported allegations that defendant Dr. Nguyen

"reffered [sic] plaintiff for [unspecified] surgery on October 15, 2021," (*id.* at 2); that an emergency room doctor, Dr. Torres, "ordered plaintiff return [sic] for oral surgery" (*id.*); that defendant Gomez, who is alleged to have been "acting in the role of UR Committee [sic]," denied "plaintiff [an] oral surgery consult [sic]" (*id.*). It is not clear how any of these conclusory allegations pertain to the medical care that plaintiff received on the date of the incident. In addition, Captain Stickles is not alleged to have taken any action; instead plaintiff merely states that this defendant was "responsible for smooth daily opperations [sic] of all departments including medical." (*Id.*) Similarly, the only allegation pertaining to Warden Gutierrez is that he was "responsible for all inmates [sic] health and safety." (*Id.*)

Because plaintiff fails to set forth any facts in the pleading to connect the allegedly "denied" surgery or actions allegedly taken by the other named defendants to the incident on September 9, 2021, plaintiff's pleading fails to allege "simply, concisely, and directly events" that are sufficient to inform each defendant of the factual grounds giving rise to plaintiff's claims against each defendant. *Johnson*, 574 U.S. at 12; *see also Kwai Fun Wong v. United States*, 373 F.3d 952, 966 (9th Cir. 2004) (dismissing a *Bivens* claim where the pleading "fail[ed] to identify what role, if any, each individual defendant had in" the alleged unconstitutional conduct).

Further, plaintiff appears to be naming Warden Gutierrez, Captain Stickles, and Robert Gomez in their supervisory capacities. To the extent that plaintiff is intending to name any of these defendants in his or her role as a supervisor, "vicarious liability is inapplicable to [a] *Bivens*" claim. Rather, plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*"); *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001) ("The purpose of *Bivens* is to deter individual federal officers from committing constitutional violations."). Here, plaintiff does not allege facts raising a plausible

inference that Warden Gutierrez, Captain Stickles, or Robert Gomez took an action or failed to take an action that he or she was legally required to do at any relevant time that violated plaintiff's Constitutional rights under the Eighth Amendment.

Also, within his one claim, plaintiff alleges that Dr. Mank falsified documents "by purposely neglecting to mention he was the staff member who witnessed [plaintiff] fall off the top bunk." (ECF No. 1 at 5.) However, plaintiff's only claim in this action appears to arise under the Eighth Amendment, and plaintiff does not allege any facts to show how his allegation that Dr. Mank falsified documents is relevant to a claim under the Eighth Amendment. Accordingly, it is unclear to the Court how plaintiff's allegation that Dr. Mank "falsified documents" pertains to whatever claims plaintiff is purporting to raise in herein.

Because plaintiff is appearing *pro se*, the Court must construe his allegations liberally and must afford him the benefit of any doubt, but the Court does not accept as true conclusory allegations that are unsupported by specific facts. *See, e.g., Salameh*, 726 F.3d at 1129; *Hebbe*, 627 F.3d at 342. Accordingly, plaintiff's unsupported allegations that he was denied "oral surgery" for an unspecified medical condition at an unspecified time, or that he was denied an "oral surgery" consultation (ECF No. 1 at 2), are disregarded in determining whether the factual allegations in plaintiff's Complaint are sufficient to state any plausible claim under the Eighth Amendment. *See, e.g., Keates*, 883 F.3d at 1243. A pleading such as the Complaint herein that alleges "naked assertion[s] devoid of further factual enhancement" is insufficient to comply with Rule 8. *Iqbal*, 556 U.S. at 678 (alteration in original, internal quotation marks omitted).

Plaintiff's claim(s) arose from an incident while plaintiff was incarcerated in a Federal Prison, and, as noted above, any claims against federal prison officials may only be raised pursuant to *Bivens*. To the extent that plaintiff is purporting to raise any constitutional claims pursuant to Section 1983, this law "only provides a remedy against persons **acting under color of state law**" and not against federal officials.

*See, e.g., Ibrahim v. Dep't of Homeland Sec.*, 538 F.3d 1250, 1257 (9th Cir. 2008). Rather, a *Bivens* claim in some circumstances allows for "an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Vega v. United States*, 881 F.3d 1146, 1152 (9th Cir. 2018); *see also Abassi*, 137 S. Ct. at 1854-55. However, a cause of action pursuant to *Bivens* has been extended to cover only limited constitutional violations. The Supreme Court has made clear that the Court must determine the availability of a *Bivens* remedy at the earliest possible stage in litigation. *Hernandez v. Mesa*, 137 S. Ct. 2003, 2006 (2017). In addition, the Supreme Court "has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Abassi*, 137 S. Ct. at 1857 (citing *Iqbal*, 556 U.S. at 675); *Pettibone v. Russell*, 59 F.4th 449, 2023 U.S. App. Lexis 2649 at *15 (9th Cir. 2023) (the Supreme Court also has instructed lower courts to look only to "the three cases in which the [Supreme] Court has implied a damages action") (citing *Egbert v. Boule*, 142 S. Ct. 1793, 1803 (2022)). Because the Court has found that plaintiff's pleading violates Rule 8, it is not possible to discern exactly what constitutional violation(s) plaintiff is purporting to allege in this action. Accordingly, the Court cannot determine if the Supreme Court has found an implied right of action in a similar case. Plaintiff, however, may be able to raise a *Bivens* claim alleging that specific prison officials acted with deliberate indifference in providing plaintiff with medical care for a serious medical need. *See, e.g., Carlson v. Green*, 446 U.S. 14, 17-18 (1980) (recognizing an Eighth Amendment *Bivens* claim for deliberate indifference to serious medical needs).

Plaintiff is a *pro se* prisoner, and the Court has liberally construed the pleading as attempting to raise a claim or claims pursuant to *Bivens*. Following careful review of the Complaint, however, it is unclear to the Court what and how many federal civil rights claims plaintiff intends to allege in this action against which defendant(s). To state any federal claim against an individual defendant, plaintiff must allege sufficient factual allegations to nudge each claim plaintiff wishes to raise against a

particular defendant "across the line from conceivable to plausible." *See Twombly*, 550 U.S. at 570; *see also McHenry*, 84 F.3d at 1177 (Rule 8 requires at a minimum that a pleading allow each defendant to discern what he or she is being sued for). In addition, the Supreme Court has held that, while a plaintiff need not plead the exact legal basis for a claim, plaintiff must allege "simply, concisely, and directly events" that are sufficient to inform a defendant of the factual grounds for each claim. *Johnson*, 574 U.S. at 12. That said, the Supreme Court has made clear that the Court has "no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004). Here, even construing the factual allegations of the pleading liberally and affording plaintiff the benefit of any doubt, as currently pled, it is not clear how many claims plaintiff is purporting to raise in this action, which claim he is raising against which defendant, or the factual basis for any claim.

Accordingly, the Court finds that plaintiff has failed to meet his pleading burden of clearly and concisely setting forth a minimal factual and legal basis sufficient to provide each defendant with fair notice of which defendant is being sued on which theory and what relief is being sought against them. Therefore, the Court finds that plaintiff's Complaint fails to comply with Rule 8. *See, e.g., McHenry*, 84 F.3d at 1177-79. To the extent that plaintiff wishes to state one or more federal civil rights claims against a specific defendant in this action, plaintiff should set forth in a First Amended Complaint "simply, concisely, and directly" the actions that each such defendant took that caused plaintiff to suffer a specific constitutional deprivation. *See, e.g., Johnson*, 574 U.S. at 12.

**B. EIGHTH AMENDMENT CLAIM(S)**

Plaintiff appears to be raising his sole claim under the Eighth Amendment against all defendants arising from medical treatment that Dr. Mank provided to plaintiff during one hour on September 9, 2021, after plaintiff fell from his top bunk in his cell. The Court notes that plaintiff sets forth no facts to plausibly support his assertion that Dr. Mank witnessed plaintiff "fall from a top bunk." (ECF No. 1 at 3.)

To state a claim for constitutionally inadequate medical care under the Eighth Amendment, a prisoner must show that a specific defendant was deliberately indifferent to his serious medical needs. *See Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "This includes both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (internal quotation marks omitted).

First, to meet the objective element of a deliberate indifference claim, a prisoner "must demonstrate the existence of a serious medical need." *Colwell*, 763 F.3d at 1066. "A medical need is serious if failure to treat it will result in significant injury or the unnecessary and wanton infliction of pain." *Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014) (en banc) (internal quotation marks omitted). In his Complaint, plaintiff does not set forth any facts showing that he suffered from a specific and serious medical need at the time that he was treated by Dr. Mank. Plaintiff alleges that he fell from a top bunk, but he does not set forth facts alleging what serious injuries he sustained from the fall. Further, plaintiff alleges that he received immediate treatment from Dr. Mank at the federal facility where the fall occurred, and he was sent to an outside hospital for further treatment about an hour after his fall. Plaintiff does not allege what treatment he received at the outside hospital, what medical diagnoses he received at any relevant time, or what serious medical need he feels was not adequately treated by the named defendants. Accordingly, plaintiff's Complaint fails to allege sufficient facts to allow the Court to draw a plausible inference that plaintiff was suffering from a serious medical need at the time that he received medical treatment from any of the named defendants.

Second, to meet the subjective element of a deliberate indifference claim, a prisoner must demonstrate that a specific official acted with deliberate indifference. *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). Deliberate indifference may be manifest by the intentional denial, delay, or interference with a prisoner's

medical care. *See Estelle*, 429 U.S. at 104-05. The official, however, "must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Toguchi*, 391 F.3d at 1057 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)); *see also Colwell*, 763 F.3d at 1066 (a "prison official is deliberately indifferent . . . only if the official knows of and disregards an excessive risk to inmate health and safety" (internal quotation marks omitted)). Thus, an inadvertent failure to provide adequate medical care, negligence, a mere delay in medical care (without more), or a difference of opinion over proper medical treatment, are all insufficient to constitute an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105-07; *Toguchi*, 391 F.3d at 1057-60; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.

Here, plaintiff's Complaint fails to set forth any factual allegations showing that Dr. Mank (or any other named defendant) was aware that plaintiff suffered from a serious medical need during the approximately one hour in which Dr. Mank is alleged to have treated plaintiff at CSP-LAC, that Dr. Mank was "aware of facts from which the inference could be drawn that a substantial risk of serious harm" to plaintiff existed in the absence of additional and immediate medical treatment, or that Dr. Mank knew of and disregarded an excessive risk to plaintiff's health arising from his failure to provide such additional treatment for plaintiff's serious medical need(s). *See, e.g., Toguchi*, 391 F.3d at 1057. To the contrary, it appears that plaintiff is alleging in this lawsuit that he received prompt medical treatment from Dr. Mank. Plaintiff alleges, without any supporting facts, that Dr. Mank somehow witnessed plaintiff fall from a top bunk while plaintiff was in his cell at approximately 12:30 p.m. Accepting plaintiff's factual allegations as true for the purpose of determining whether plaintiff's pleading states any plausible claim upon which relief may be

granted, the pleading alleges that: Dr. Mank was present when plaintiff fell, Dr. Mank provided treatment to plaintiff at least six times between 12:30 p.m. and 1:25 p.m., including ordering an EKG at 1:12 p.m., and Dr. Mank referred plaintiff to an outside medical facility for additional treatment at 1:25 p.m. (ECF No. 1 at 3-5.)

Plaintiff appears to disagree with the type of medication and treatment that he was provided by Dr. Mank during the initial hour following plaintiff's fall. Plaintiff states the confusing allegation that Dr. Mank "went against all legal [sic] training in the Medical field" when he placed plaintiff "into a sitting position without previous x-rays." (*Id.* at 3, 5 (capitalization in original).) However, plaintiff does not allege that he has any experience in the medical field or with relevant medical training. A mere "difference of opinion" between a prisoner and a medical provider concerning what medical care is appropriate does not amount to deliberate indifference. *See, e.g., Edmo v. Corizon, Inc.*, 949 F.3d 489, 495 (9th Cir. 2020); *Toguchi*, 391 F.3d at 1058-60. Plaintiff's Complaint altogether fails to set forth any facts from which a plausible inference could be drawn that a substantial risk of serious harm existed from Dr. Mank's alleged failure to provide additional or different medical treatment before plaintiff was sent to an outside medical facility or that Dr. Mank drew such an inference. Plaintiff's mere speculation that Dr. Mank was "aware" that plaintiff had had (at unspecified times) "episodes of vomiting" (ECF No. 1 at 4) does not show that Dr. Mank was aware that a substantial risk to plaintiff's health existed by having plaintiff "placed on his back via [sic] stretcher with a cirvical [sic] collar." (ECF No. 1 at 4.) Moreover, plaintiff sets forth no facts raising a plausible inference that the treatment that his medical caregivers at CSP-LAC provided "was medically unacceptable under the circumstances" or that any named defendant selected such treatment "in conscious disregard of an excessive risk to plaintiff's health." *See, e.g., Edmo*, 949 F.3d at 495.

In addition, plaintiff mentions the denial of "oral surgery consut [sic]" by defendant Gomez and an order issued at an unspecified time by an unspecified

"Emergency Room Doctor" that plaintiff "return for oral surgery," but plaintiff fails to allege what serious medical need the "oral surgery" was intended to treat, what connection the surgery had to plaintiff's fall from an upper bunk, or how any defendant named in this action was aware that the failure to provide plaintiff with "oral surgery" at any relevant time caused plaintiff to be exposed to an excessive risk of harm. (*See* ECF No. 1 at 2.) Further, plaintiff does not allege in his Complaint that he ever sought, or was denied, additional medical treatment from Dr. Mank at any time in connection with a serious medical need that was caused by plaintiff's fall. Nothing in the limited factual allegations in the Complaint raises a plausible inference that any action (or failure to take any action) by Dr. Mank caused plaintiff to suffer significant injury or unnecessary pain. *See, e.g., Peralta*, 744 F.3d at 1086.

To the contrary, plaintiff appears to be alleging that Dr. Mank was negligent or failed to provide medical care in accordance with medical standards during the approximately one hour in which he treated plaintiff before plaintiff was referred to an outside medical center. Mere negligence or "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. Even if plaintiff were to set forth sufficient facts to show that Dr. Mank provided objectively unreasonable medical care, as the Ninth Circuit has repeatedly emphasized: "[M]ere 'indifference,' 'negligence,' or 'medical malpractice' is not enough to constitute deliberate indifference." *Edmo*, 949 F.3d at 495 (some internal quotation marks omitted, alteration in original).

Because plaintiff is a prisoner proceeding *pro se* in this action, the Court has accepted as true the factual allegations in the pleading and construed them in plaintiff's favor for the purpose of determining whether plaintiff's Complaint states any plausible claim upon which relief may be granted. As currently pled, plaintiff's pleading fails to allege that Dr. Mank was aware that plaintiff was suffering from a serious medical need that required additional or different treatment while Dr. Mank was treating plaintiff in the hour immediately following plaintiff's fall from a top

bunk. Nor does plaintiff's pleading allege that he ever sought and was refused further medical treatment from Dr. Mank.

To the extent that plaintiff is purporting to raise a claim for medical malpractice against any medical official named as a defendant in this action, this Court does not have original jurisdiction over a claim that arises under state law. "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). "Absent a substantial federal question," a district court lacks subject matter jurisdiction, and claims that are "wholly insubstantial" or "obviously frivolous" are insufficient to "raise a substantial federal question for jurisdictional purposes." *Shapiro v. McManus*, 577 U.S. 39, 45-46 (2015). A "plaintiff bears the burden of proving" the existence of subject matter jurisdiction and "must allege facts, not mere legal conclusions" to invoke the court's jurisdiction. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). From the very few specific factual allegations in the Complaint, it appears that plaintiff may be attempting to raise a claim for medical malpractice against Dr. Mank, but this Court lacks subject matter jurisdiction over such a claim. Further, the Court appears to lack subject matter jurisdiction over any Eighth Amendment claim that plaintiff may be purporting to raise against any other defendant because plaintiff fails to set forth facts showing that any claim under the Eighth Amendment against any named defendant is more than wholly insubstantial.

If plaintiff wishes to state a federal civil rights claim pursuant to the Eighth Amendment against any defendant, then plaintiff should set forth in a First Amended Complaint a short and plain statement of the actions that each named defendant is alleged to have taken, or failed to have taken, that caused plaintiff to suffer a specific constitutional deprivation.

************

**If plaintiff still desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than thirty (30) days after the date of this Order, remedying the pleading deficiencies discussed above.** The First Amended Complaint should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original Complaint or any other pleading or document. Plaintiff is admonished that, irrespective of his *pro se* status, if plaintiff wishes to proceed with this action, then he must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California.

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize. Plaintiff is admonished that he must sign the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a First Amended Complaint. Further, if plaintiff feels that any document is integral to any of his claims, then he should attach such document as an exhibit at the end of the First Amended Complaint and clearly allege the relevance of each attached document to the applicable claim raised in the First Amended Complaint. In addition, if plaintiff no longer wishes to pursue this action, then he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**Plaintiff is further admonished that, if he fails to timely file a First Amended Complaint, or if he fails to remedy the deficiencies of this pleading as discussed herein, then the Court will recommend that the action be dismissed on the grounds set forth above and for failure to diligently prosecute.**

**IT IS SO ORDERED**.

DATED: 3/30/2023

ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE